[614 NYS2d 250]

In the Matter of Louis Taubenblat, a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, May 31, 1994

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C.Y. Cheung* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Eli Uncyk,* New York City, for resignor.

## OPINION OF THE COURT

Per Curiam.

Louis Taubenblat has submitted an affidavit dated March 17, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Taubenblat concedes in his affidavit that there are presently pending with the Grievance Committee for the Second and Eleventh Judicial Districts six complaints of professional misconduct against him, alleging that he abused his position as an attorney, misused his attorney escrow account, and failed to return moneys owed to clients and others who deposited money with him as escrow agent. Mr. Taubenblat acknowledges that he would be unable to defend himself on the merits against charges predicated upon the misconduct under investigation.

Mr. Taubenblat indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation. Mr. Taubenblat acknowledges that he is submitting his resignation subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a), and acknowledges the continuing jurisdiction of the Court to make such an order. Mr. Taubenblat is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee has recommended that the Court accept the proffered resignation and withdraws

its previous request for authorization to institute and prosecute a disciplinary proceeding against Mr. Taubenblat. Under the circumstances, the resignation of Louis Taubenblat as a member of the Bar is accepted and directed to be filed. Accordingly, Louis Taubenblat is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the resignation of Louis Taubenblat is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Louis Taubenblat is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Louis Taubenblat shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Louis Taubenblat is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.